# SUPERIOR COURT OF BALTIMORE CITY.

Filed February 23, 1905.

DANIEL DONNELLY
VS.
BALTIMORE TRUST AND GUARANTEE COMPANY.

*John V. L. Findlay, James F. Thrift* and *John G. Schilpp* for plaintiff.

*Edgar H. Gans* and *John N. Steele* for defendant.

STOCKBRIDGE, J.—

When a vendee has been misled to his damage, he may by bill in equity seek a rescission of the sale, or, if the representations of fact upon which he purchased were false to the knowledge of the vendor, and made with the purpose of deceiving the vendee, he may maintain an action at law for the deceit. The character of proof essential to sustain the two forms of action is radically different. The requisites to maintain the action of deceit are suc-

342

cinctly stated in Lamm vs. Port Deposit Homestead Association, 49 Md., 240, where it is said, "to constitute the fraud and deceit the representation must be false and knowingly made." These are the two ingredients of the fraud, either alone is insufficient.

The direct proof of false statements, known to have been such when they were made, and thus constituting fraud, is lacking in the present case: but that condition is presented in nearly every instance of fraud, and in such cases the knowledge of the falsity of the representation must be deduced from evidence of a circumstantial character. Since, however, there is never a presumption of fraud, this circumstantial evidence must be such as to make it appear, not that the defendant *ought* to, but *must* have had the knowledge.

Cahill vs. Applegarth, 98 Md., 501.

The knowledge a party ought to or should have, but does not have, may present a case of negligence of such a character that vituperative adjectives are frequently prefixed to it, but it still remains negligence, it does not become fraud. The knowledge which a party *must* have and for which he will be held liable is well illustrated by the case of Cook vs. Gill, 83 Md., 177.

Of the representations alleged in this case to have been false, some are clearly expressions of opinion, for which no action will lie, others, according to the testimony of the plaintiff himself, were not relied on by him, even if the evidence tending to show their falsity was sufficient to be entitled to be submitted for the consideration of the jury, and, therefore, they cannot be regarded as material, while in the case of the remainder there is no evidence of the falsity of the representations, or of any circumstances tending to prove such falsity, which it has been shown that the defendant had actual knowledge of, or must have known of.

The suppression of material facts has been alleged, but mere suppression without sinister motive will afford no ground for the action of deceit, and here likewise all evidence of evil intent, or of circumstances from which such intent could be reasonably deduced are lacking.

It has been urged that the defendant in this case can be held upon the theory of imputed knowledge, by reason of the relations existing between it and the firm of Hambleton & Company. The obvious difficulty with the adoption of this view is that there is no evidence whatever of what knowledge any of the Messrs. Hambleton had. It is easy to say that they ought to have known this or that fact, but to say that they *did* know it cannot be legitimately deduced from any evidence in the case.

I feel constrained therefore to grant the first prayer of the defendant, and since that removes the case from the consideration of the jury, it is not necessary to pass on the other propositions submitted.